UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


TODD M. FEATHERSTONE,           :
                                :
            Plaintiff           :
                                :        NO. 3:CV-06-2145
      -vs-                      :
                                :        (Judge Kosik)
                                :
PIKE COUNTY PUBLIC DEFENDER     :
OFFICE, et al.,                 :
                                :
            Defendants          :


**MEMORANDUM**

Plaintiff, Todd M. Featherstone, an inmate confined at the Pike County Correctional Facility, Lords Valley, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Along with his petition, plaintiff filed an application seeking leave to proceed _in forma pauperis_.[1]  Named as defendants in this action are the Pike County Public Defender Office, Andrew Hood, Esquire, an attorney employed by the Pike County Public Defender Office, the Attorney General's Office and John Flannery, Esquire, a senior deputy attorney employed by the Attorney General's Office. The case is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons that

---

[1]Plaintiff completed this court's form application to proceed _in forma pauperis_ and authorization form.  An Administrative Order was thereafter issued on November 1, 2006 directing the warden at plaintiff's place of confinement to commence deducting the full filing fee from plaintiff's prison trust fund account.

follow, the complaint will be dismissed pursuant to 28 U.S.C. §
1915(e)(2)(B)(ii) for failure to state a claim upon which relief
can be granted.

Background

Plaintiff brings the instant civil rights action against the
Pike County Public Defender who represented him, and the deputy
attorney general who prosecuted him, and their respective offices.
Specifically, plaintiff makes the following allegation:

> I state this claim that on November 17, 2005
> Andrew Hood acting for the Pike County Public
> Defender Office was & is proven to be
> ineffective when he allow John Flannery acting
> as The Attorney General Office convict me on
> the charge forgery 18 Pa.C.S.A.
> 4101(A)(1)(2)(3) When It Clearly State in the
> charges happen in the State of New York.
> Which judicial district of the County of Pike
> of Common Pleas does not span up to New York
> State.  Neither does the Common Pleas share
> any concurrent jurisdiction with the district,
> said forge check was presented leaveing (sic)
> the County of Pike & the State of Pennsylvania
> lack complete jurisdiction over.

In his request for relief, plaintiff requests that the whole
indictment be vacated due to lack of jurisdiction and his criminal
record be cleared of the charges.  Plaintiff also requests the
maximum compensation and punitive damages for his unlawful
incarceration.

Discussion

Under the Prison Litigation Reform Act of 1995, the court is
obligated to screen the complaint pursuant to 28 U.S.C. § 1915 when
a plaintiff wishes to proceed *in forma pauperis*, as is the case
here.  Specifically, § 1915(e)(2) provides as follows:

-2-

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In considering the complaint under 28 U.S.C. § 1915(e)(2)(B)(ii), the court is guided by Fed.R.Civ.P. 12(b)(6) which allows for dismissal of a claim or claims for "failure to state a claim upon which relief can be granted . . ." In evaluating whether a claim is subject to dismissal, the court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988). It is only a complaint that sets out facts which affirmatively demonstrate that the plaintiff has no right to recover that is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

In the instant action, plaintiff's allegations stem from a conviction on a forgery charge in the Court of Common Pleas of Pike County. First, plaintiff charges that Andrew Hood, Esquire, a Pike County Public Defender, was ineffective in his representation of plaintiff.

In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender does not act under color of state law in performing a lawyer's traditional function as counsel to an indigent defendant in a state criminal proceeding. The claims alleged against defendant Hood are clearly with regard to actions taken solely in the exercise of his official functions as a public defender, i.e., defending an indigent defendant in his state criminal proceedings. Thus, defendant Hood is not a state actor liable for damages for the cause of action alleged in his civil rights complaint.[2]

Plaintiff also charges that defendant John Flannery, Esquire, deputy attorney general, wrongfully convicted him of forgery, while lacking jurisdiction. A state prosecuting attorney is absolutely immune from liability for damages under § 1983 for acts which are intimately associated with the judicial phase of the criminal process, such as the initiation of the prosecution and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Urrutia v. Harrisburg County Police Dep't*, 91 F.3d 451, 462 (3d Cir. 1996). Plaintiff's forgery conviction is "intimately associated with the judicial phase of the criminal process," *see*

---

[2]Moreover, case law has held that a public defender enjoys immunity from monetary damages in a civil rights action brought pursuant to 42 U.S.C. § 1983 for acts performed within the scope of his official duty. *See Brown v, Joseph*, 463 F.2d 1046 (3d Cir. 1972).

*Imbler*, 424 U.S. at 430 and, therefore, defendant Flannery is likewise absolutely immune from damages.[3]

In his request for relief, plaintiff requests that his whole indictment be vacated due to lack of jurisdiction and that his criminal record be cleared of any charge.  Thus, plaintiff is challenging the fact of his confinement.

In *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), the Court held that when a prisoner "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  To the extent that plaintiff is seeking release from custody, he must pursue that claim in a habeas corpus action (after exhaustion of state court remedies, including state appellate court review), and not in a civil rights case.

Finally, the plaintiff is also seeking monetary damages for his allegedly unconstitutional imprisonment and/or conviction. Plaintiff's claims for damages are barred by *Heck v. Humphrey*, 512 U.S. 477 , 486-87 (1994).  In *Heck*, the United States Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment,

---

[3]We note that plaintiff also appears to name as defendants the Pike County Public Defender's Office and the Attorney General's Office. No specific allegations are directed to these defendants other than that they are employers of the individual defendants.  Thus, to the extent plaintiff intends to name them as defendants, they will be dismissed.  *See Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988)(civil rights claims cannot be premised on a theory of *respondeat superior*).

or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. "The complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. Thus, plaintiff can have no cause of action under § 1983 unless and until the conviction or sentence he is challenging is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.*. Plaintiff cannot obtain damages for a cause of unlawful imprisonment until the basis for that imprisonment is rendered invalid.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


TODD M. FEATHERSTONE,          :
                               :
            Plaintiff          :
                               :    NO. 3:CV-06-2145
      -vs-                      :
                               :    (Judge Kosik)
                               :
PIKE COUNTY PUBLIC DEFENDER    :
OFFICE, et al.,                :
                               :
            Defendants         :


## **ORDER**


AND NOW, this 7th day of November, 2006, in accordance with the foregoing, IT IS HEREBY ORDERED AS FOLLOWS:

(1) The complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim;

(2) The Clerk of Court is directed to closed this case; and,

(3) Any appeal taken from this Order will be deemed frivolous, without probable cause, and not taken in good faith.



                          s/Edwin M. Kosik
                          United States District Judge